# WHITE *v.* SHARPE.

### (*Knoxville.*    November 17, 1896.)

1. HOMESTEAD.  *Does not pass under partition sale.*

    Homestead of minor defendants does not pass under a sale of the premises for partition, when the bill fails to disclose the existence of such homestead right, or any purpose to sell it, and does not tender any issue as to the right or advisability of its sale. The purchaser takes the land, in such case, subject to the homestead right.  (*Post, pp. 34–39.*)

2. SAME.  *Not defeated by an allowance out of proceeds of a sale for partition.*

    The right of the minor defendants to homestead in kind, out of lands sold for partition, cannot be defeated by an order of the Court, made after the sale, allowing them the value of the homestead out of the proceeds of the sale. Such allowance operates as appropriation to the purchaser's benefit of funds belonging to the minors themselves and to other parties. (*Post, p. 39.*)

---

### FROM CLAIBORNE.

---

Appeal from Chancery Court of Claiborne County. H. G. KYLE, Ch.

HUGHES & DAVIS, H. M. CARR, and WASHBURN, PICKLE & TURNER for White.

JAMES G. ROSE and ROGERS & ROGERS for Sharpe.

McALISTER, J.   The question presented in this record is whether a certain homestead right passed by the sale of the property in a former partition proceeding.   The facts may be briefly stated.

Joseph White died intestate in Claiborne County, in 1880, leaving a widow and nine children surviving him.   The intestate died seized in fee of three tracts of land situated in Claiborne County, one of which was known as the "home tract."   The widow died in 1883 without any allotment of dower having been made to her, but leaving minor children entitled to homestead in said lands.   In March, 1884, two of the adult children, who had purchased the interest of their sister, Mrs. Gibson, in said lands, filed their bill in the Chancery Court of Claiborne County against their six minor brothers and sisters, seeking a sale of said three tracts of land for partition.   It appears that these three minors were all served with process and were represented by a guardian *ad litem* in answering the bill.   The bill in this case alleged all jurisdictional facts which are necessary to authorize a sale of the land for partition. Such proceedings were had that the Chancellor ordered a sale of the lands, and at such sale the defendant, Sharpe, became the purchaser of the home tract at the price of $6,941, which he paid, and title was divested out of the other parties and vested in said purchaser.

It is conceded that the assignment of homestead to the minor defendants was overlooked by the par-

ties as well as by the Chancellor until the land had been sold and the sale of the home tract to Sharpe had been confirmed. It appears, however, at the October term, 1884, at which the sale to Sharpe was confirmed, the Court ordered an instanter reference to the Master to hear proof and report whether it would be to the interest of said minors to have a homestead in the lands of their deceased father or to have one thousand dollars set aside out of the funds arising from the sale of the land, for their benefit and let the purchase stand and the purchaser take the homestead. The Master reported that the minors were entitled to homestead in these lands; that they lived around with their elder brothers; that the land was sold for more than it would have brought had a homestead been reserved, and that one thousand dollars in money, properly placed at interest, would be of more value to the minors interested than a homestead laid out to them from the land; the Chancellor confirmed this report, and decreed that out of the funds arising from the sale of the lands the Master will set aside the sum of one thousand dollars, to be by him loaned out for the sole and separate use of said minors, etc.

The present bill was filed June 19, 1893, by the defendants in the original cause, four of whom had in the meantime attained their majority, while two of the daughters were still minors. The bill assailed the validity of the decree in the original proceedings, alleged that the assignment of the homestead

to the minor defendants in money was *coram non judice* and void, and sought to set aside the sale of the land to Sharpe.

The Chancellor dismissed the bill.   The Court of Chancery Appeals affirmed the decree of the Chancellor, except as to the homestead claimed in the pleadings, and, in respect of the homestead, the decree of the Chancellor was modified, the Court directing that a homestead be set apart out of the home tract purchased by Sharpe for Josie S. White, who is a minor and will not attain her majority until September 23, 1901, and to this end, as well as for an account of the rents and profits of the homestead, the cause was remanded.   The defendant, Sharpe, appealed and has assigned errors.

The first assignment is, "that the Court of Chancery Appeals erred in decreeing that, under the bill in the original cause, filed March 7, 1884, the Chancery Court at Tazewell acquired no jurisdiction over the homestead rights of the minor defendants in said cause."

The second assignment is, "that the Court of Chancery Appeals erred in holding that, under said original bill and the proceedings and decrees therein, the homestead rights of the minor defendants were not sold to and purchased by Sharpe in the price of $6,941 he bid and paid for said home tract of land."

The third assignment is, "that the Court of Chancery Appeals erred in holding that said Sharpe had

purchased said home tract of land, under the bills and decrees in the original cause, subject to the homestead rights of the minor defendants in that cause, and in decreeing that said homestead right be now assigned, and in directing the assignment thereof for the benefit of said Jocie S. White until her majority.''

The fourth assignment is ''that the Court erred in ordering an account of the value of the rents of said homestead for the joint benefit of Emma S. and Jocie S. White from June 19, 1893, to February 23, 1896.''

The fifth assignment is ''that the Court erred in holding that under the bill, decrees, and proceedings in said original cause, the homestead rights of the minor defendants therein were not transferred from the land itself to the fund realized from the sale of the land, as the Chancery Court in the original cause held and decreed.''

These several assignments of error are cognate, and present the different phases of the homestead presented in the record and arising upon the report of the Court of Chancery Appeals. They will therefore be considered together.

The general question is whether the Chancery Court in the original cause had jurisdiction of the homestead rights of the minor defendants—whether the question was presented in the pleadings in that case so as to have warranted the Chancellor in adjudicating said homestead rights. Counsel for appellant

concede that the bill in the original cause does not, in terms, mention the homestead rights of the defendants, but their insistence is that the original bill stated every fact, from which the homestead rights of the minor defendants therein were apparent on the face of the bill; that the bill alleged the death of Joseph White intestate seized of these lands in fee, the descent cast on his children, the death of the mother, whereby her homestead rights inured to the minor children, and the minority of the defendants in that case. It is insisted it was not necessary to make a specific mention of the homestead, since that fact was apparent from the face of the bill, and that it was not necessary to state a legal conclusion in the pleadings. The Court of Chancery Appeals held that because no mention was made in terms of the minor defendants' homestead rights, the Chancery Court had no jurisdiction to sell that particular interest in the land.

We entirely agree with the conclusion reached by the Court of Chancery Appeals. Counsel are in error in the position so confidently assumed in argument, that, while the homestead rights of the minors were not in terms specifically mentioned in the original bill, yet the bill did state every fact from which the homestead rights of the minor defendants were apparent on the face of the bill. Upon the inspection of the bill in the original cause, we do not find any recitation or allegation that the real estate therein described and sought to

be partitioned was all the land of which John White, the father of these minors, died seized and possessed. There was no disclosure, therefore, of the homestead rights of the minors, and certainly no intimation in the bill that such homestead rights were sought to be sold. We hold that, in order to warrant the sale of the homestead so as to conclude the rights of minors, the bill must be a proceeding directly for that purpose, in order that an issue may be made in respect of the right or advisability of selling such homestead. The land in this case was sold without regard to the rights of homestead, this interest in the land not having been mentioned in the pleadings or decree of sale. But, after the sale had been confirmed to the purchaser, upon motion of the complainant, a reference was had to the Clerk to report upon the homestead rights of the minors, and whether it would be to their interest to have a homestead in the lands of their deceased father, or to have one thousand dollars set aside, arising from the sale of the land, for their comfort. This effort to cut off the homestead rights of these minors was wholly abortive, since there was no pleading or issue that authorized such proceeding, and the funds realized from the sale belonged to the tenants in common.

Affirmed.

# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION.

### NASHVILLE, DECEMBER TERM, 1896.